788



OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Mac L. Bennett, Jr.
District Attorney
Normangee, Texas

Dear Sir:                        Opinion No. O-3380
                                 Re: Can the State, upon announcing
                                 to the trial court that the
                                 death penalty is waived in a
                                 robbery by firearms case,
                                 abandon that portion of the in-
                                 dictment and proceed to trial,
                                 permitting the defendant to
                                 waive a jury and plead guilty
                                 to a felony less than capital?

        This will acknowledge your request for our opinion
on the question as stated above. In your letter you state
the facts to be as follows:

        "In 1935 the bank at Buffalo, Texas was
robbed, and later the defendants were appre-
hended and charged by indictment with robbery
by firearms. One of the defendants plead 'not
guilty' and was tried by a jury which returned
a verdict of guilty and assessed his punish-
ment at fifty years in the penitentiary. Then
the two other defendants notified the District
Attorney and the trial Court that they would
plead guilty and accept the same sentence.
The District Attorney then announced to the
trial court that the state waived the death
penalty, which was noted upon the docket sheet,
with the notation that the defendants were
pleading guilty, and found guilty by the
Court and punished by confinement in the
State Penitentiary for fifty years. Sentence
was then passed upon the defendants, and judg-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Mac L. Bennett, Jr., Page 2

ment entered, and both the sentence and judg-
ment as recorded recite that the defendants
were found guilty of robbery.

"One of the defendants, Mona Bell by
name, is now suing out a writ of Habeas Cor-
pus, alleging that the judgment is void on
the grounds that he could not waive a jury
in a case charging robbery by firearms, and
that the docket sheet entry of the waiving
of the death penalty by the State did not
constitute a dismissal of that part of the
indictment."

We assume for the purpose of this opinion that all
of the requisite steps required by Articles 10a and 12 of
the Code of Criminal Procedure were followed in waiting the
jury, in addition to the procedure you describe wherein the
State waived the death penalty and proceeded to trial on
the charge of robbery rather than robbery by the use of
firearms.

In the case of Weaver v. State, 52 Tex. Cr. R. 11,
105 S. W. 189, it was held that the prosecuting attorney may,
with the consent of the court, when the case is called for
trial, or during the trial, dismiss or abandon that portion
of the indictment which charges the use or exhibition of a
firearm or deadly weapon. See Branch's Annotated Penal Code,
1301, sec. 2393.

The very same procedure you outline seems to have
been followed in Sweeney v. State, 103 Tex. Cr. R. 393, 281
S. W. 571, except for the fact that the Sweeney case was de-
cided prior to the passage of legislation authorizing waiver
of a jury in cases less than capital. We quote:

"In the same count in the indictment the
appellant was charged with robbery by assault
and with the use of firearms. When the case
was called for trial the state announced, and
the court noted on his docket, that the ap-
pellant would only be prosecuted for robbery
by assault, and that that portion of the charge
referring to firearms would be abandoned. This
practice is permissible. Gonzales v. State,

Honorable Mac L. Bennett, Jr., Page 3

226 S. W. 405, 88 Tex. Cr. R. 250; Crouch v.
State, 219 S. W. 1099, 87 Tex. Cr. R. 115;
Weaver v. State, 105 S. W. 189, 52 Tex. Cr.
R. 12; Viley v. State, 244 S. W. 538, 92
Tex. Cr. R. 395."

In the case of Gonzales v. State, 88 Tex. Cr. R.
250, 226 S. W. 405, the indictment charged both robbery by
assault and robbery by the use of deadly weapons. The
State's attorney announced that that part of the indictment
making it a capital case would not be insisted upon. This
was sanctioned by the trial judge by confining the accused
to ten peremptory challenges. The Court of Criminal Ap-
peals, speaking through Judge Morrow, said:

"In a capital case the accused is entitled
to a special venire; and assuming that the
appellant was to be tried for a capital offense,
he would have been within his rights to demand
a special venire at the time the case was call-
ed for trial. Farrar v. State, 44 Tex. Cr. R.
236, 70 S. W. 209; Burries v. State, 36 Tex.
Cr. R. 14, 35 S. W. 164. Whether this failure
to demand a special venire at that time was a
waiver of that right, under the circumstances,
we need not decide, as in our judgment the
action of the State, which was sanctioned by
the trial judge, amounted to a dismissal of
that part of the indictment which made the
case capital. At least it amounted to an
election upon the part of the State to aban-
don that part of the indictment, which did
not prejudice its right to proceed with the
remainder, which charged a felony, not requir-
ing a special venire. Weaver v. State, 52
Tex. Cr. R. 11, 105 S. W. 189."

All of the above cases were decided before the
enactment of Articles 10a and 12, Code of Criminal Procedure,
in their present form. We quote said articles from Ver-
non's Annotated Code of Criminal Procedure:

"Art. 10a. Waiver of trial by jury.

"The defendant in a Criminal prosecution
for any offense classified as a felony less

Honorable Mac L. Bennett, Jr., Page 4

than a capital offense, shall have the right, upon entering a plea of guilty, to waive the right of a trial by a Jury, conditioned, however, that such waiver must be made in person by the defendant in open Court with the consent and approval of the Court and the duly elected and acting Attorney representing the State. Provided, that said consent and approval by the Court shall be entered of record on the Minutes of the Court and the consent and approval of the Attorney representing the State shall be in writing, duly signed by said Attorney and filed in the papers of the Cause before the defendant enters his plea of guilty.

"Provided, that before a defendant who has no Attorney can agree to waive a Jury, the Court must appoint an Attorney to represent him."

"Art. 12. Jury in felony.

"No person can be convicted of a felony except upon the verdict of a Jury duly rendered and recorded, unless in felony cases less than capital, the defendant upon entering a plea of guilty has in open Court in person and with the approval and consent of the Court and the State's Attorney, as provided in Section 1 of this Act, (Article 10a of Code of Criminal Procedure of the State of Texas), waived his right of a trial by Jury. Provided, however, that it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the Court as the basis for its verdict, and in no event shall a person charged be convicted upon his plea of guilty without sufficient evidence to support the same."

The recent case of Ex parte Wagnon, 136 Tex. Cr. R. 384, 123 S. W. (2d) 572, seems to squarely answer your question, in the light of the quoted Articles 10a and 12,

Honorable Mac L. Bennett, Jr., Page 5

C. C. P., supra, Relator was in the penitentiary for robbery. He sought discharge under a writ of habeas corpus heard before Honorable Max M. Rogers, District Judge at Huntsville. It was his contention that the indictment against him charged only robbery by the use of firearms, a capital case only, and that under the provisions of the above quoted articles of our statute, a jury could not be waived and a plea of guilty entered before the Court. There was some question as to whether the indictment in the record on appeal was the one relied upon in the lower court, but nevertheless the opinion of Judge Hawkins clearly answers the question you submit:

> "If the indictment in fact charged relator with robbery by assault and violence and by putting the party robbed in fear of life and bodily injury, and by using a firearm, the State could abandon that part of the indictment alleging the use of a firearm, and relator could then waive a jury and enter his plea of guilty to ordinary robbery before the court without a jury. See Gonzales v. State, 88 Tex. Cr. R. 248, 250, 226 S. W. 405; Sweeney v. State, 105 Tex. Cr. R. 393, 281 S. W. 571, and cases therein cited."

You are therefore respectfully advised that in our opinion if the indictment in your case charges the offense of robbery, after discarding the part having reference to the use of firearms, that the State could abandon that part; and under the facts presented by you, the conviction appears regular.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall

Benjamin Woodall
Assistant

BW:OO
APPROVEDAPR 11, 1941

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN